IN UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUDITH NELSON, individually and on behalf of all others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>COVENANT SURGICAL PARTNERS, INC., ANNE ARUNDEL GASTROENTEROLOGY ASSOCIATES, P.A., and THE MARYLAND CENTER FOR DIGESTIVE HEALTH, LLC,<br>    Defendants. | Civil Action No. 3:25-cv-751<br>Judge Crenshaw / Frensley<br>Jury Demand |

## INITIAL CASE MANAGEMENT ORDER

A.     JURISDICTION: The court has jurisdiction pursuant to pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because there are at least 100 putative Class Members, the aggregated claims of the individual Class Members exceed the sum or value of $5,000,000 exclusive of interest and costs, and members of the proposed Class, including Plaintiff, are citizens of states different from Defendants.

B.     BRIEF THEORIES OF THE PARTIES:

For Plaintiff: This case arises out of a cyberattack on Defendant's systems that resulted in unauthorized access to Plaintiff's and the proposed Class Members' PII and PHI. The cyberattack was preventable and occurred due to Defendant's negligence in insufficiently investing in cybersecurity for the computer systems on which it stored private patient data, including Social Security numbers and Medicaid or Medicare numbers and patient medical information like diagnosis information, imaging or test results, and treatment and prescription information. Plaintiff, like the rest of the Class Members, would not reasonably have entrusted this private information to Defendants by using their services as medical providers if she had known they

would not safeguard her private information from attack. Defendants breached implied contracts with Plaintiff and Class Members, breached their fiduciary duties with Plaintiff and Class Members, and unjustly enriched themselves by not investing in adequate data security.

Plaintiff and Class Members were harmed by Defendants' acts and omissions in numerous independent ways, including, *inter* alia, invasion of their privacy, substantially increased risk of identify and medical identity fraud they now face, lost time and costs mitigating the risk of increased fraud, and worry and concern over their credit and risk of fraud. In addition to nominal damages, Plaintiff will seek to employ several damages methodologies for the Class, including the value of the PII and PHI accessed in the breach without the Class Members' consent, and the retail cost of credit monitoring. Moreover, Defendants still possess Plaintiff and Class Members' PII and PHI and Plaintiff seeks an injunction for Defendants to update their cybersecurity systems and provide sufficient credit monitoring to Class Members.

For Defendants: Defendants have moved to dismiss this action because: (1) Plaintiff has not met her burden to plead Article III standing, (2) Plaintiff lacks standing to seek injunctive relief, and (3) Plaintiff's claims for negligence, breach of implied contract, breach of fiduciary duty, unjust enrichment, and declaratory/injunctive relief fail to state a claim for which relief may be granted. Additionally, Plaintiff's class allegations should be stricken as they are statutorily barred by Tennessee Code Ann. § 29-34-215. Defendants contest both liability and damages.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability, damages, and certification of a class.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **October 28, 2025**.

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties must

make a **substantive** attempt to resolve this case. By no later than **February 25, 2026,** the parties must file a joint case resolution status report confirming their first substantive attempt at settlement. The parties must have conducted enough discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement. The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional.

  G. MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than **March 11, 2026**.

  H. DISCOVERY: The parties shall complete all written discovery by **July 29, 2026,** and depose all fact witnesses on or before **September 29, 2026**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Discovery motions are to be filed in accordance with the practices of the Magistrate Judge, who will resolve all disputes. All discovery related motions shall be filed no later than **September 29, 2026.**

I. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **November 30, 2026**. The defendant shall identify and disclose all expert witnesses and reports on or before **February 19, 2027**. No supplemental expert reports or rebuttal experts shall be allowed, except upon order of the Court for good cause shown.

J. DEPOSITIONS OF EXPERT WITNESSES: Depositions of Plaintiffs' expert witnesses shall be completed by **January 29, 2027**, and depositions of Defendants' expert witnesses shall be completed by **March 19, 2027**.

K. CLASS CERTIFICATION: Because this is a putative class action, Plaintiff intends to file a motion for class certification pursuant to Fed. R. Civ. P. 23, with the following briefing schedule:

Plaintiffs' motion for class certification: **November 30, 2026**;

Defendant's opposition to motion for class certification: **January 8, 2027**;

Plaintiffs' reply brief in support of motion for class certification: **January 29, 2027**.

L. SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case management conference shall be held telephonically on **September 9, 2026, at 9:00 a.m.** ,to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call 1-855-244-8681, at the appointed time. and when prompted for the access code, enter 23139129180# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

M. DISPOSITIVE MOTIONS: Deadlines will be set after ruling on the motion for class certification. Oppositions to dispositive motions must be filed with 28 days of service of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not

exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

N. ELECTRONIC DISCOVERY. The parties anticipate reaching an agreement on how to conduct electronic discovery. Administrative Order No. 174-1 therefore need not apply to this case. However, in the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

O. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The jury trial in this action is expected to last approximately 5 to 7 days. A target trial date will be set by separate order after the ruling on Plaintiffs' motion for class certification.

**IT IS SO ORDERED.**

                                                 **JEFFERY S. FRENSLEY**
                                                 **United States Magistrate Judge**